UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-07496 ABC (SSx) | Date | February 27, 2014 |
|---|---|---|---|
| Title | Seif Ascar v. U S Bank, N.A. et al. | | |

| Present: The Honorable | Audrey B. Collins | | |
|---|---|---|---|
| Angela Bridges | None Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None Present | | None Present |

**Proceedings:** Order **GRANTING** in part and **DENYING** in part Motion to Dismiss (In Chambers)

Pending before the Court is a Motion to Dismiss ("Motion," docket no. 8) filed by Defendants Select Portfolio Servicing, Inc. and U.S. Bank, N.A. ("Defendants"). Plaintiff Seif Ascar, Trustee of the Ascar Family Trust Dated July 5, 2012 ("Plaintiff") filed an Opposition and Defendants filed a Reply. The Court finds the matter appropriate for resolution without oral argument and **VACATES** the March 3, 2014. hearing date. Fed. R. Civ. P. 78; Local Rule 7-15. For the reasons below, the Motion to Dismiss is **GRANTED** in part and **DENIED** in part .

## I. BACKGROUND

Plaintiff Seif Ascar, Trustee of the Ascar Family Trust Dated July 5, 2012, is pursing claims for slander of title, cancellation of instruments, and declaratory relief against Defendants in connection with a proprietary lease and stock he purchased from Ocean Towers Housing Corporation ("OTHC") after the prior lessee Dorothea Schiro defaulted on payment obligations to OTHC. Defendant U.S. Bank's predecessor Metrocities Mortgage, LLC financed Schiro's lease with a loan secured by the lease and Schiro's stock in OTHC. The central dispute in this case is whether U.S. Bank's security interest survived a judgment against Schiro in OTHC's unlawful detainer action against her, and, if so, whether that interest burdens Plaintiff's leasehold and/or stock. The Complaint attaches a number of documents relating to Schiro's and Plaintiff's transactions. Defendants submitted additional documents related to the Schiro transactions in their Requests for Judicial Notice.[1] The relevant allegations are as follows.

The Ocean Towers Housing Corporation ("OTHC") is a stock cooperative building in Santa Monica. Compl. ¶ 14. OTHC does not sell units, but instead sells to residents/tenants proprietary leases and shares of stock in OTHC. Shareholders in OTHC are tenants, and OTHC is the building's landlord. Id. ¶ 14. The proprietary leases permit the shareholders/tenants to occupy particular units within the building. Id. According to Plaintiffs, these proprietary leases are appurtenant to, and inseparable from, the share certificates representing shares in OTHC. Id. The proprietary leases require the

---

[1] The Court hereby GRANTS both parties' requests for judicial notice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-07496 ABC (SSx) | Date | February 27, 2014 |
|---|---|---|---|
| Title | Seif Ascar v. U S Bank, N.A. et al. | | |

shareholders/tenants to make monthly rent and monthly maintenance payments to OTHC. Id.

In 2006, Dorothea Schiro ("Schiro") purchased from the prior tenant a proprietary leasehold in residential unit 1908B, and 412 shares of stock in OTHC represented by stock certificate number 1453. Compl. ¶¶ 13, 15; Exh. 3 (assignment); Exh. 4 (Schiro-OTHC deed of trust). Schiro financed this purchase with a $1.2 million loan from Defendant U.S. Bank's predecessor in interest, Metrocities Mortgage LLC. Schiro also executed two deeds of trust in connection with her purchase.

First, Schiro executed a deed of trust in favor of Metrocities Mortgage LLC ("2006 Bank DOT"), by which Schiro pledged as security for the $1.2 million loan her proprietary leasehold in unit 1908B and her 412 shares of stock in OTHC, as represented by stock certificate number 1453. This deed of trust was recorded on November 8, 2006. Id. ¶ 17; Exh. 5 (2006 Bank DOT).

Second, Schiro executed a deed of trust in favor of OTHC ("OTHC DOT") to secure her performance as a tenant, granting to OTHC a security interest in her proprietary lease and the 412 shares of stock represented by certificate 1453. This deed of trust was recorded on November 8, 2006. Id. ¶ 16; Exh. 4 (OTHC DOT).

In March 2007, Schiro assigned the proprietary lease and the appurtenant share certificates to Dorothea Schiro, Trustee of the Penthouse Trust ("Schiro Trustee"). On July 27, 2007, the Assignment was recorded. Id. ¶ 20.

In 2012, Schiro Trustee defaulted on her obligation under the OTHC DOT to make rent and/or assessment payments to OTHC. Id. ¶ 21.

On June 19, 2012, OTHC gave Schiro a three day notice to pay rent or quit. Id. ¶ 22.

On July 25, 2012, OTHC, as Schiro's landlord, filed an unlawful detainer action against Schiro; on August 13, 2012, judgment was entered in OTHC's favor. Id. ¶ 24. The judgment terminated the proprietary lease. See Compl. Exh. 8 (judgment). On March 25, 2013, a Notice of Entry of Judgment Terminating Proprietary Lease was recorded. See Compl. ¶ 6.

On September 1, 2012, Plaintiff purchased his interest in the Property from OTHC. A Memorandum of Proprietary Lease between Plaintiff and OTHC indicates that Plaintiff obtained from OTHC a proprietary lease to unit 1908B and 412 shares of stock in OTHC, and that Plaintiff was required to pay OTHC monthly rents. Compl.¶ 27, Exh 11. A deed of trust between Plaintiff and OTHC reflects that Plaintiff's payment of monthly rent was secured by the 412 shares of stock represented by stock certificate number 1617. Id. 27; Exh. 10 (Plaintiff-OTHC deed of trust). The Memo of Proprietary Lease and the Deed of Trust were signed and recorded in September 2012. Id. ¶ 27.

On May 30, 2013, based on the 2006 Bank DOT, Defendants recorded in connection with unit

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-07496 ABC (SSx) | Date | February 27, 2014 |
|---|---|---|---|
| Title | Seif Ascar v. U S Bank, N.A. et al. | | |

1908B a Notice of Default and Election to Sell Under Deed of Trust based upon the allegation that Schiro defaulted on her obligations under the 2006 Bank DOT. Id. ¶ 31. Defendants rescinded this Notice on September 30, 2013. Def.'s RJN Exh. F.

Plaintiff contends that U.S. Bank's security interest was extinguished upon the termination of Schiro's leasehold to the property. As such, Plaintiff contends that the Bank has no basis upon which to foreclose on the Property, and thus seeks the cancellation of the 2006 Bank DOT and the 2013 Notice of Default. Plaintiff also seeks related declaratory relief and damages for slander of title.

Defendants argue that U.S. Bank's security interest survived Schiro's leasehold and that Plaintiff took his proprietary leasehold and/or his OTHC stock subject to that security interest.

## II.  LEGAL STANDARD

Fed. R. Civ. Proc. 8(a)(2) requires a pleading to present a "short and plain statement of the claim showing that the pleader is entitled to relief." Under Fed. R. Civ. Proc. 12(b)(6), a defendant may move to dismiss a pleading for "failure to state a claim upon which relief can be granted." Thus, a pleading that does not satisfy Rule 8 is subject to dismissal under Rule 12(b)(6). Dismissal is proper under Rule 12(b)(6) where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dept., 901 F.2d 969, 699 (9th Cir. 1988).

"[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations and alterations omitted). Although this does not require "detailed factual allegations," it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 555 U.S. 662, 678 (2009). A sufficiently-pled claim must be "plausible on its face." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. For purposes of a motion to dismiss, allegations of fact are taken as true and are construed in the light most favorable to the nonmoving party. See Newdow v. Lefevre, 598 F.3d 638, 642 (9th Cir. 2010).

The first step in determining whether a claim is sufficiently pled is to identify the elements of that claim. See Iqbal, 555 U.S. at 675. The court should then distinguish between the pleading's allegations of fact and its legal conclusions: a court "must take all of the factual allegations in the complaint as true," but should not give legal conclusions this assumption of veracity. Iqbal, 556 U.S. at 678. The court must then decide whether the pleading's factual allegations, when assumed true, "plausibly give rise to an entitlement to relief." Id. at 679. The court may not consider material beyond the pleadings other than judicially noticeable documents, documents attached to the complaint or to which the complaint refers extensively, or documents that form the basis of the claims. See United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-07496 ABC (SSx) | Date | February 27, 2014 |
|---|---|---|---|
| Title | Seif Ascar v. U S Bank, N.A. et al. | | |

### III.  DISCUSSION

**A.   Defendants Have Not Demonstrated that U.S. Bank's Security Interest Survived the Unlawful Detainer Judgment and Burdens Plaintiff's Leasehold and/or Plaintiff's OTHC Stock; Dismissal is Not Warranted.**

Defendants' first argument is that Plaintiff took his interest in the Property subject to U.S. Bank's security interest in Schiro's leasehold and OTHC stock.  If U.S. Bank's security interest still exists, Defendants argue, all of Plaintiff's claims fail.  Defendants argue that Plaintiffs' leasehold and/or OTHC stock are subject to its security interest because Schiro's proprietary lease was not extinguished by the unlawful detainer judgment against her, and because, as long as Schiro's loan remains unpaid, it can possess Schiro's stock certificate.  Defendants contend that the documents attached to its Request for Judicial Notice demonstrate that its security interest still exists and burdens Plaintiff's property.

Defendants' explanation of how the security interest it obtained through the 2006 Bank DOT (from the Schiro transaction) still exists, and that this interest burdens Plaintiff's interests, is not persuasive.  All of the documents attached to the Complaint indicate that through the 2006 Bank DOT, Schiro granted the bank a security interest in two things: in Schiro's proprietary leasehold in unit 1908B, and in the 412 shares in OTHC represented by stock certificate 1453.  The unlawful detainer judgment against Schiro indicates that, as a result of the judgment, Schiro's proprietary lease was extinguished.  See Compl. Exh. 8 (page 2, showing an "x" in the box next to item 6(c), "The lease is forfeited.").   This is consistent with California law.  See Glendale Fed. Bank v. Hadden, 73 Cal. App. 4th 1150, 1155 (1999) ("proper termination of a leasehold also extinguishes the lien interest of a third party in that leasehold").  If, consistent with the plain language of unlawful detainer judgment and the law as stated in Glendale Fed. Bank, Schiro's leasehold was extinguished, then the proprietary leasehold to which U.S. Bank's security interest was attached – Schiro's – no longer exists and certainly cannot burden Plaintiff's leasehold.  The Court also notes that Plaintiff's proprietary leasehold is a new interest that he purchased directly from OTHC; in other words, Plaintiff did not obtain his leasehold by assignment or otherwise  from Schiro.  This further discredits Defendants' argument that Schiro's leasehold survived the judgment and that Plaintiff's leasehold is somehow burdened by U.S Bank's claimed security interest in Schiro's leasehold.

As to U.S Bank's claimed interest in the shares Schiro purchased, Plaintiff appears to have purchased different shares:  Schiro purchased 412 shares represented by stock certificate 1453 (see Compl. Exh. 4 (OTHC DOT)), while Plaintiff purchased 412 shares represented by stock certificate 1617 (see Compl. Exh. 10 (Plaintiff-OTHC deed of trust)).  As such, Defendants have not established that *Plaintiff's* shares are burdened by U.S. Bank's claimed security interest.

The Court has reviewed all of the documents in Defendants' RJN, with particular attention to the sections upon which Defendants rely, and they do not bear out Defendants' argument that U.S. Bank's security interests survived the judgment against Schiro and now burden Plaintiff's property.  Certainly

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-07496 ABC (SSx) | Date | February 27, 2014 |
|---|---|---|---|
| Title | Seif Ascar v. U S Bank, N.A. et al. | | |

these documents are not a sound basis upon which to dismiss Plaintiff's lawsuit.

**B.      Plaintiff's Claim for Slander of Title Is Insufficiently Pled.**

The elements of the cause of the action for slander of title are: (1) publication, (2) falsity, (3) absence of privilege, and (4) disparagement of another's land which is relied upon by a third party and which results in a pecuniary loss.  Appel v. Burman, 159 Cal.App.3d 1209, 1214 (1984).  The Complaint satisfies all of these elements except the fourth – reliance by a third party and pecuniary loss.  Although the Opposition asserts reliance and pecuniary loss, no such allegations are made in the Complaint.  As such, this claim will be dismissed.  However, Plaintiff may attempt to cure this defect – if he can do so  consistent with Fed. R. Civ. P. 11 – by filing an amended Complaint within two weeks of the issuance of this order.

**C.      Plaintiff's Claim for Cancellation of Instruments Survives.**

The Court has reviewed the Complaint in light of Defendants' arguments that Plaintiff's claim for cancellation of instruments is not well pled and is unsupportable.  The Court finds that this claim is adequately pled insofar as it seeks cancellation of the 2006 Bank DOT.  The Motion to dismiss this claim is therefore denied.

### IV.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Motion to Dismiss as to Plaintiff's Second Claim for Relief – Slander of Title.  Plaintiff may attempt to cure the deficiency noted above by filing an amended Complaint within two weeks of the issuance of this Order.  If Plaintiff does not file an amended Complaint by the deadline, his claim for slander of title will be deemed dismissed with prejudice.

The Motion to Dismiss is **DENIED** in all other respects.

**IT IS SO ORDERED.**

                                                                                                    :

                                                                Initials of Preparer    AB