UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

| | | | |
|---|---|---|---|
| Case No. | CV 13-7496 DSF (VBKx) | Date | 12/9/15 |
| Title | Seif Ascar v. U.S. Bank, N.A., et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   (In Chambers) Order GRANTING U.S. Bank, N.A. and Select Portfolio Servicing, Inc.'s Motion for Partial Summary Judgment; Order DENYING Seif Ascar's Motion for Summary Judgment (Dkt. Nos. 255, 259)[1]

In November 2006, Dorothea Schiro borrowed $1,272,000 from Metrocities Mortgage, LLC to purchase an interest in a residential cooperative, Ocean Towers Housing Corporation (OTHC), in Santa Monica. The loan was secured by both a leasehold at OTHC and shares in the corporation. Among other agreements, at the time of the loan Schiro, Metrocities, and OTHC entered into a Recognition Agreement that created certain rights and obligations between OTHC and Metrocities.

In 2007, Metrocities assigned its rights in the loan and other related agreements, including the Recognition Agreement, to Thornburg Mortgage Home Loans, Inc. The Schiro loan was then transferred to Thornburg Mortgage Funding, Inc. and placed in the Thornburg Mortgage Securities Trust 2007-2 (Trust), of which third-party plaintiff U.S. Bank, N.A. is now the trustee. The parties dispute whether the Recognition Agreement was ever properly assigned to the Trust.

In 2012, Schiro stopped paying rent and maintenance to OTHC. On July 25, 2012,

---

[1] The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. The hearing set for December 14, 2015 is removed from the Court's calendar.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

OTHC filed an unlawful detainer complaint against Schiro.  OTHC was awarded judgment in the unlawful detainer action on August 13, 2012.  At that point, OTHC cancelled Schiro's shares in the cooperative that were associated with the now-terminated leasehold.  On September 1, 2012, OTHC sold the leasehold to Seif Ascar along with associated "new" shares in OTHC.  Ascar paid a total of $21,148 for the leasehold and shares.

On October 5, 2015, this Court granted, in part, U.S. Bank's motion for partial summary judgment against OTHC.  The Court ruled that OTHC breached the Recognition Agreement by cancelling the shares and that OTHC could not cancel the shares while the Schiro loan remained outstanding.  However, the Court found that OTHC did not breach the Recognition Agreement with regard to a failure to notify the Trust of the pending unlawful detainer action.  U.S. Bank and Ascar now bring cross-motions for partial summary judgment on the question of the continued validity of U.S. Bank's lien over the shares owned by Ascar.

Ascar contends that because shares of a housing cooperative are invariably connected to a leasehold in that cooperative, see Cal. Civ. Proc. Code § 4640, and U.S. Bank's security interest in the leasehold was terminated by the unlawful detainer action, U.S. Bank must have no security interest in the cooperative shares.  This is incorrect.  As a practical matter, California Code of Civil Procedure § 4640 provides that the ownership of the stock in the cooperative was returned to OTHC concurrent with the judgment in the unlawful detainer action.  But section 4640 has no bearing on the continued validity of the lien on those shares after they were transferred back to OTHC.[2]  As the Court previously held, regardless of the termination of the original leasehold, U.S. Bank maintains a security interest in the cooperative shares, and OTHC breached the contract with U.S. Bank by purporting to terminate the shares.  It makes no sense to say, as Ascar does, that U.S. Bank's only remedy for the improper destruction of U.S. Bank's security is to pursue a (presumably) unsecured breach of contract action against OTHC.  The primary point of the Recognition Agreement is to protect U.S. Bank's security; the contract is meaningless if that security can be eliminated notwithstanding its express

---

[2] Ascar also cites California Financial Code § 1494 for the proposition that a security interest in a cooperative unit at all times must include both the shares and the leasehold.  This is not what section 1494 says.  It provides the authority for banks to take security interests in shares and leaseholds in cooperative units; it does not require an interest in both.  And even if Ascar's reading of the section was a correct limitation at the time of the loan origination, nothing in section 1494 has any bearing on the precise question faced here – the continued validity of a lien on shares after a lien on the leasehold was extinguished.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

provisions. It is clear that the cancellation of the shares issued to Schiro and the reissuance of shares to Ascar for the same cooperative unit was a formalism – presumably designed in an attempt to avoid the lien – and there is no reason that U.S. Bank's lien on the shares should be destroyed by such an action. Whether one says that the "new" shares were never properly issued or that the lien follows the "new" shares, the substance is that U.S. Bank's lien follows the shares associated with the particular unit in OTHC that was the subject of the original loan.

The uncontroverted facts also show that Ascar is not a bona fide purchaser for value. "A bona fide purchaser is one who pays value for the property without notice of any adverse interest or of any irregularity in the sale proceedings." Nguyen v. Calhoun, 105 Cal. App. 4th 428, 442 (2003). Ascar purchased an oceanfront cooperative unit in Santa Monica, California, for $21,148. Whatever the true unencumbered value of the property, there is no question that it is orders of magnitude more than Ascar paid.[3] Moreover, Ascar purchased the unit with actual knowledge of the possible encumbrance that was provided by OTHC. At the very least, the extremely low price of the property and the numerous warnings from OTHC about possible encumbrances put Ascar on constructive notice of U.S. Bank's claim. He is not a bona fide purchaser for value.

U.S. Bank, N.A. and Select Portfolio Servicing, Inc.'s motion for partial summary judgment is GRANTED. Seif Ascar's motion for summary judgment is DENIED.

IT IS SO ORDERED.

---

[3] Evidence in the case suggests an unencumbered value of over $2,000,000, but the precise valuation is immaterial for the purposes of this motion.